Opinion delivered May 10, 1875, by
Green, J.
Three objections have been made to the confirmation of this deed, but they raise only a single question of law. It is claimed that the interest of defendant in the real estate sold was but a life estate, and that under the Act of 24 January, 1849, (Purd. Dig. vol. 1, p. 652, pl. 88, 89, 90), before such an estate could be sold, it was necessary that the writ should issue under the direction of the court, and that the defendant should have ten days’ notice of the application for such writ. It is admitted that no application for the writ was made to the court, and no notice given. Had the defendant such a life interest in the real estate as made this necessary ? This is the only question. Her interest is a widow’s interest in the estate of her deceased husband. Under proceedings in partition in the Orphans’ Court, the property was sold and the one-third of the purchase money remained charged upon the land, the interest upon which was decreed to be paid to her annually during her life. This estate of hers is undoubtedly a life interest. Is it such an estate in lands and tenements as was intended to be embraced within the Acts of 13 Oct. 1840, and of 24 January, 1849 ?
*Prior to the Act of June, 1836, a life interest in lands could be sold on a ven. ex. but there was no necessity for inquisition and condemnation. By that Act the law was changed so far as regarded life estates in improved lands or tenements, yielding rents, issues and profits. They could no longer be sold ; *27 but after an inquisition which was to ascertain the clear yearly profits of the real estate, making allowance for taxes, necessary repairs and all reprises, the plaintiff could have the estate extended and delivered to him by a writ of liberan facias, according to the valuation fixed by the inquest, or he might have a sequestrator appointed who was to receive the rents, issues and profits. The sequestrator had authority to rent or sell such lands or tenements for a length of time sufficient to satisfy all the liens, expenses, repairs, &c., but not for a longer period than the life interest of the defendant. This took away the power to sell on a ven. ex. By the Act of 13 Oct. 1840, a sequestrator might be appointed on the application of any lien creditor. The provisions of the Act of June, 1836, were repealed by that Act, but it was decided that the right to sell under a ven. ex. was not restored. Eyrick & Deppan v. Hetrick, 1 Harris, 488 ; Dennison’s Appeal, 1 Barr, 201 ; Parget v. Stambaugh, 2 Barr, 485. The Act of 1849 declared that life estates might be sold on ven. ex. in the same manner as estates of inheritance, unless a sequestrator was appointed as before, or the defendant should elect to pay the plaintiff, in case of condemnation, the annual valuation in half yearly payments. It further provided that the ven. ex. should only issue under the direction of the court and after ten days notice of the intended application for the writ. The 5th sec. of the Act also provided that the Sheriff, whenever required by the sequestrator, shall put him and keep him, his vendees and lessees, in full and undisturbed possession of the lands and tenements with the appurtenances levied on. It is also made unlawful and criminal for the defendant or any other person to disturb the possession of the sequestrator.
But is a widow’s dower such a life interest in lands as is embraced within the terms of this Act ? Could a sequestrator take possession of her lands and tenements, sell them or lease them, or could the Sheriff put the sequestrator in possession as is required by the Act ? Clearly not, unless her share has been laid out in metes and bounds, and she has a life estate assigned to her as land, or unless she, by virtue of her right, is entitled to the actual possession of lands or tenements. In such a case possession might be delivered to the sequestrator, and he might either sell or lease. Such an estate would, I think, be embraced within the provisions of the *28 Act of 24 January, 1849. But can the Act be made to apply when the land has been sold under proceedings in partition ? It is true that these proceedings, and the sale under them, did not change her interest from realty into personalty. It would still be * bound by the lien of a judgment, and could only be sold on a ven. ex. But the manner of holding her interest has, I think, been changed from what it would have been if her interest had been set off by metes and bounds in the land itself. In the latter case she would have had the possession, and it might be delivered over to a sequestrator, in the former case she would not. By the proceedings in partition, her interest has become not a corporeal but an incorporeal hereditament; not an interest in the land itself as land, but an interest issuing out of it—a life interest only in the annual sum which is to be paid to her, and which is charged upon the land and flows from it. This distinction in the manner in which she holds her estate in the land, is recognized in Gourley v. Kinly, 16 P. F. Smith, 270, “where the widow’s share is laid off by metes and bounds, she has a life estate in the portion assigned her as land, which, carries with it as a necessary incident the right to receive the rents and profits; but when the estate is accepted at the ap-praisement or sold, she has a life estate, not in any specific portion of the land, but in an equivalent share of the rents and profits of the whole estate, measured by the interest on her share of its value as ascertained by the appraisement or sale.” In the former case the Act of 1849 would apply. Possession could be delivered and enforced, and the sequestrator could perform the duties enjoined in the Act. But in the latter no possession could be given of the lands and tenements subject to the dower, and the sequestrator would be a supernumerary. As bearing upon the general principle see also The Lancaster Co. Bank v. Stauffer, 10 Barr, 398. From what we have said it follows that no notice of an application for a writ of ven. ex., and no special application to the court for the writ were necessary. The exceptions must therefore be overruled and the sale confirmed.
Nor will the defendant be without remedy if we confirm this sale. The sale will pass no title if her interest is such an estate in land as is embraced within the terms of the Acts regulating the sales of the life estates, and this question may be tried in a subse *29 quent proceeding between herself and the purchaser. Dennison’s Appeal, 1 Barr, 201 ; Snavely v. Wagner, 3 Barr, 275; Gordon et al. v. Ingraham, 8 Casey, 214.
Sale confirmed.